IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN GERARD WALLACE, § | | |
| TDCJ No. 1835438, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:22-cv-2513-K-BN | |
| § | | |
| DISTRICT ATTORNEY JOHN § | | |
| CREUZOT, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

After Plaintiff Ryan Gerard Wallace, a Texas prisoner, filed an amended *pro se* complaint clarifying that he brings claims for monetary damages against the Dallas County District Attorney and a state judge in Dallas County, alleging that his constitutional rights were violated when he was convicted of sexual assault, *see* Dkt. No. 15, the United States District Court for the Western District of Texas transferred this lawsuit back to this judicial district and division, *see* Dkt. No. 16; *see also* Dkt. No. 4 (transferring the initial complaint to the Western District, where Wallace is incarcerated).

United States District Judge Ed Kinkeade then referred Wallace's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Under the Prison Litigation Reform Act, where prisoners, whether incarcerated or detained pending trial, seek relief from a governmental entity or

employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Consistent with this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this case.

## Legal Standards and Analysis

First, Wallace's underlying Dallas County conviction for sexual assault of a child, for which he received life imprisonment, *see State v. Wallace*, No. F10-73110-R (265th Jud. Dist. Ct., Dall. Cnty., Tex.), *aff'd*, No. 05-13-00119-CR, 2014 WL 2946462 (Tex. App. – Dallas June 27, 2014, pet. ref'd), has not been declared invalid, *see, e.g.*, *Wallace v. State*, No. PD-1038-14 (Tex. Crim. App. Oct. 15, 2014) (refusing petition discretionary review); *Ex parte Wallace*, WR-80,614-05 (Tex. Crim. App. Sept. 27, 2018) (denying state habeas petition without written order on trial court's findings without a hearing); *Wallace v. Davis*, No. 3:19-cv-2524-K-BN, 2020 WL 592378 (N.D. Tex. Jan. 14, 2020), *rec. accepted*, 2020 WL 587648 (N.D. Tex. Feb. 5, 2020) (dismissing federal habeas application as time barred).

So any civil claims that emanate from this conviction should be dismissed because they have yet to accrue. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (the "favorable-termination requirement" established by *Heck v. Humphrey*, 512 U.S. 477 (1994), "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid" (quoting *Heck*,

512 U.S. at 487)); *Colvin v. LaBlanc*, 2 F.4th 494, 499 (5th Cir. 2021) ("Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction or confinement.").

That is, under the *Heck* rule, "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam).

In the alternative, should *Heck* not apply, the claims against the named defendants are subject to summary dismissal based on immunities.

Preliminarily, "look[ing] to the substance of [Wright's] claim[s]," it is apparent that he has sued high ranking state officials in their official capacities. *Hardesty v. Waterworks Dist. No. 4 of Ward Four*, 954 F. Supp. 2d 461, 470-71 (W.D. La. 2013) (citing *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (per curiam); collecting cases)).

Because Wallace fails to allege facts to show that any act by the judge named as a defendant was not a normal judicial function or undertaken without jurisdiction, the claims against this defendant are barred by either judicial immunity, insofar as Wallace sues the judge in an individual capacity, *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009), or by the Eleventh Amendment, as

"Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity," *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citation omitted).

Similarly, as to the Dallas County District Attorney, Wallace fails to allege that any act by the DA "fall[s] outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

So this defendant is also entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

And, if Wallace also sues Dallas County itself, he has not stated a plausible claim of municipal liability by alleging facts to show that a municipal policy was the moving force behind the asserted constitutional violation.

"A person may sue a municipality that violates his or her constitutional rights 'under color of any statute, ordinance, regulation, custom, or usage.'" *Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) (quoting 42 U.S.C. § 1983; citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). At the pleading stage, a

plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020) (citing *Monell*, 436 U.S. at 694).

## Recommendation

Under 28 U.S.C. § 1915A, the Court should dismiss this action without prejudice, as Plaintiff Ryan Gerard Wallace's civil claims are currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), or, in the alternative, the claims should be dismissed because they are barred by applicable immunities or fail to state a claim upon which relief may be granted.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 14, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE